UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

SHAWN VERA,

    Plaintiff,                                            CASE NO.:

v.

MDVIP, LLC, a Foreign Limited Liability
Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHAWN VERA ("Ms. Vera" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, MDVIP, LLC, a Foreign Limited Liability Company ("MDVIP" or "Defendant"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 *et seq*., hereinafter called the "FLSA"), and the Family Medical Leave Act ("FMLA") to recover unpaid overtime wages, compensatory damages, lost wages, an additional equal amount as liquidated damages, and to obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b) and 29 U.S.C. § 2601, *et seq.*

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the FMLA, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

**PARTIES AND COVERAGE**

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff worked for Defendant in Palm Beach County, Florida.

6. Defendant is an employer as defined by the FLSA and the FMLA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, had fifty (50) or more employees within a seventy-five (75) mile radius of where Plaintiff worked, and had employees regularly engaged in interstate and intrastate commerce.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated FMLA leave to care for her child who suffered from a serious health condition as defined by the FMLA; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

8. At all times material hereto, Defendant was engaged in commerce, or the production of goods for commerce and/or Plaintiff was individually engaged in commerce for FLSA coverage purposes.

**STATEMENT OF FACTS**

9. Ms. Vera worked for Defendant as a non-exempt "Billing Supervisor" and then "Billing Analyst," from June 10, 2015, through September 3, 2019.

10. During her tenure, Ms. Vera was an exceptional employee, and had no legitimate

history of performance, attendance, or disciplinary problems.

### The FLSA Overtime Claim

11. In early July of 2018, MDVIP reorganized the Billing Department in which Ms. Vera worked.

12. At that time, Ms. Vera was switched from a "Billing Supervisor," to a "Billing Analyst," and remained in that role throughout the duration of her employment with MDVIP.

13. As a Billing Analyst, Ms. Vera supervised nobody, and had no hiring or firing authority, or input into any hiring or firing decisions; additionally, nobody reported to her.

14. Further, Ms. Vera's job performance and duties were closely supervised and indeed micromanaged by her supervisor, Amanda Applebaum.

15. To that end, Ms. Vera had very little leeway; everything was done as ordered and micromanaged by Ms. Applebaum.

16. All major decisions had to be cleared by Ms. Applebaum.

17. All work assignments were very specific and were micromanaged closely by Ms. Applebaum.

18. Despite the foregoing, MDVIP knowingly and deliberately misclassified Ms. Vera as an "exempt" salaried employee, and did not pay her any overtime premium for each hour that she worked in excess of forty (40) in each given work week.

19. During her tenure as a "Billing Analyst," Ms. Vera routinely worked more than forty-five (45) hours per week.

20. Ms. Vera should have been compensated at the rate of one and one-half times her regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required

by the FLSA throughout her tenure as a "Billing Analyst."

21. Defendant violated Title 29 U.S.C. §207 in that: (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks in her capacity as a "Billing Analyst," with Defendant; and (b) no payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA.

22. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

23. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

24. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

25. Based on the allegations in Paragraphs 22-24 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

**The FMLA Claims**

26. In February of 2019, Ms. Vera began utilizing intermittent unpaid leave pursuant to the FMLA in order to address her child's serious, chronic health condition.

27. Over the following months, each time she would return to work from utilizing a

day or two worth of intermittent FMLA leave, to take her disabled child to the hospital or medical appointments, Ms. Applebaum would vent her anger and frustration at Ms. Vera, making abusive remarks about "how far behind" Ms. Vera and the department were because of Ms. Vera's utilization of intermittent FMLA leave to care for her disabled child's serious, chronic health condition.

28. Ms. Applebaum also routinely vented her anger and frustration about Ms. Vera's utilization of intermittent FMLA leave to other members of the department, which severely hampered Ms. Vera's relationships with colleagues, and violated her privacy.

29. Ms. Applebaum's conduct in this regard constitutes FMLA interference, as it was intended to chill and restrict Ms. Vera's ability to utilize her legally permitted FMLA leave.

30. In late August 2019, Ms. Vera re-certified her intermittent FMLA forms with MDVIP through "Paul" in MDVIP's Human Resources Department.

31. This foregoing recertification constitutes protected activity under the FMLA.

32. Very shortly thereafter, Ms. Applebaum in retaliation for same, gave Ms. Vera a "performance review."

33. During this "performance review," Ms. Applebaum, instead of reviewing Ms. Vera's job performance, terminated Ms. Vera's employment outright, in interference with, and retaliation for, Ms. Vera's utilization of intermittent unpaid leave pursuant to the FMLA to care for her disabled child's serious, chronic health condition, and recertification for same.

34. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

35. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff for her use of what should have been protected FMLA leave,

Defendant's actions likewise constitute FMLA retaliation.

36. The timing of Plaintiff's use of her protected FMLA leave and recertification for same, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected FMLA activity, and the illegal actions taken against her by Defendant.

37. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of FMLA protected leave.

38. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

39. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

40. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 25, and 40, of the Complaint, above.

42. Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

43. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

44. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and

one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

45. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime and back wages award;

    c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff pre-judgment interest;

    e. Awarding any and all relief that this Court deems proper under the FLSA.

## COUNT II
## FMLA INTERFERENCE

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-7, 9-10, and 26-40, of the Complaint above.

49. At all times relevant hereto, Plaintiff was protected by the FMLA.

50. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

51. At all times relevant hereto, Defendant interfered with Plaintiff by failing to properly notify Plaintiff of her FMLA rights.

52. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

53. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- FMLA RETALIATION

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-7, 9-10, and 26-40, of the Complaint above.

55. At all times relevant hereto, Plaintiff was protected by the FMLA.

56. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

57. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave.

58. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to take approved leave pursuant to the FMLA.

59. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: January 7, 2020

**By: /s Noah E. Storch**
Noah E. Storch, Esq.

9

               Florida Bar No. 0085476
               Richard Celler Legal, P.A.
               10368 West State Road 84, Suite 103
               Davie, Florida 33324
               Telephone: (866) 344-9243
               Facsimile: (954) 337-2771
               E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*